IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NEWMAN PHILLIPS, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:17-CV-12-BT | |
| § | | |
| NANCY A. BERRYHILL, Acting § | | |
| Commissioner of the Social § | | |
| Security Administration, § | | |
| Defendant. § | | |

# **MEMORANDUM OPINION AND ORDER**

Plaintiff Newman Phillips brings this action for judicial review of the final decision of the Acting Commissioner of the Social Security Administration ("Commissioner") denying his claim for supplemental security income under Title XVI of the Social Security Act, pursuant to Title 42, United States Code, Section 405(g). For the following reasons, the final decision of the Commissioner is AFFIRMED.

## BACKGROUND

Plaintiff filed his initial claim on June 24, 2013 alleging that he was disabled due to a variety of ailments, including, diabetes, hypertension, kidney disease, depression, arthritis, and stomach pains. Tr. 58 [ECF No. 14-4]. After Plaintiff's application was denied initially and upon reconsideration, a hearing was held on April 9, 2015, in Dallas, Texas, before Administrative Law Judge Ann H. Pate (the "ALJ"). Tr. 32 [ECF No. 14-3]. Plaintiff was born on February 16,

1

1980 and was 35 years old at the time of the April 9, 2015 hearing. Tr. 32, 58. Plaintiff attended high school through the tenth grade. Tr. 36 [ECF No. 14-3]. On July 28, 2015, the ALJ issued her decision finding that Plaintiff has not been under a disability within the meaning of the Social Security Act from June 24, 2013, the date Plaintiff's application was filed, through the date of her decision. Tr. 24 [ECF No. 14-3]. The ALJ determined that Plaintiff had the following severe impairments: spine disorder, diabetes mellitus, and affective disorder. Tr. 17 [ECF No. 14-3]. The ALJ also determined that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 18 [ECF No. 14-3].

During the hearing, the ALJ sought the advice of a Vocational Expert ("VE") as to whether jobs exist in the national economy for an individual with Plaintiff's age, education, work experience, and Residual Functional Capacity ("RFC"), because Plaintiff's ability to perform all or substantially all of the requirements of light work has been impeded by additional limitations. Tr. 24 [ECF No. 14-3]. The VE testified that an individual with Plaintiff's characteristics could perform the tasks of the following light, unskilled occupations: (1) laundry inspector; (2) belt inspector; and (3) food inspector. Tr. 24. Given this testimony, the ALJ determined that Plaintiff was able to make a successful adjustment to work that exists in significant numbers in the national economy. Tr. 24. Plaintiff

appealed the ALJ's decision to the Appeals Council, and on December 16, 2016, the Appeals Council affirmed the ALJ's decision. Tr. 1 [ECF No. 14-3]. Plaintiff filed this *pro se* action in the federal district court on January 3, 2017. Compl. [ECF No. 1].

## LEGAL STANDARDS

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). An "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany v. Colvin*, 2014 WL 1255316, at *9 (N.D. Tex.

Mar. 26, 2014) (citing *Dollins v. Astrue*, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have

reached a different conclusion absent the procedural error." *Id*. (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

ANALYSIS

Plaintiff states in his *pro se* filing[1] that he is disabled due to extreme pain that does not get better with medication. Pl.'s Aff. 1 [ECF No. 21]. In support of his complaint, Plaintiff submits a letter from his nurse practitioner Megan Lane, dated April 2, 2017, which states that Plaintiff has chronic and lifelong conditions of inflammatory polyarthritis, diabetic polyneuropathy, osteoarthritis, fibromyalgia, and chronic pain syndrome. Pl.'s Ex. [ECF No. 20 at 2]. Nurse Lane states that Plaintiff experiences chronic and severe pain from these conditions, that prevent him from using his hands due to cramping and locking of his fingers. Pl.'s Ex. [ECF No. 20 at 2]. Plaintiff also submits Consultation Notes, dated April 4, 2017, from his treating physician, Dr. John R. Richmond that states that Plaintiff is disabled. Pl.'s Ex. [ECF No. 20 at 3].

In the response, the Commissioner argues that the ALJ correctly assessed Plaintiff's symptoms and provided specific reasons as to why his claims of disability were not consistent with the evidence of record. Def.'s Br. 4 [ECF No. 23] (citing Tr. 17-23 [ECF No. 14-3]). The Commissioner argues that, although Plaintiff alleges that he experiences disabling pain, subjective complaints do not

---

[1] Plaintiff asked the Court to construe as his Social Security brief two documents he filed with the titles "Affidavit" and "Additional Attachments of Affidavit." Aff. 2 [ECF No. 21].

receive more weight than conflicting medical evidence. Def.'s Br. 5. The Commissioner contends that Plaintiff cites no credible evidence showing that any impairment or combination of impairments produce disabling functional limitations. Def.'s Br. 5-6. With respect to the letter from Nurse Lane, the Commissioner argues that her conclusory, unsupported statement conflicts with the evidence from the relevant period that supports the ALJ's decision, and does not constitute a medical opinion within the meaning of the regulations. Def.'s Br. 6-7 (citing 20 C.F.R. § 416.927(d)). In the reply, Plaintiff reiterates that he is unable to work due to pain, and asks the Court to consider the additional materials submitted. Reply 1-3 [ECF No. 24].

"The Social Security Administration classifies medical sources into two categories, 'acceptable medical sources' and other medical sources." *Matthews v. Colvin*, 2016 WL 8710706, at *4 (N.D. Tex. Feb. 5, 2016) (citing 20 C.F.R. §§ 404.1513, 416.913). "Only 'acceptable medical sources' can establish the existence of a medically determinable impairment, give medical opinions, and be considered treating sources whose medical opinions may be entitled to controlling weight." *Thibodeaux v. Astrue*, 324 F. App'x 440, 445 (5th Cir. 2009); SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006). "'Acceptable medical sources' include licensed physicians, licensed psychologists, licensed optometrists, licensed podiatrists, and qualified speech pathologists." *Matthews*, 2016 WL 8710706, at *4 (citing *Thibodeaux*, 324 F. App'x at 445; SSR 06-03p). "'Other

medical sources' can include nurse practitioners, physicians' assistants, chiropractors, audiologists, and therapists." *Matthews*, 2016 WL 8710706, at *4 (quoting *Thibodeaux*, 324 F. App'x at 445).

As the Commissioner points out, the April 2, 2017 letter Plaintiff submits bears the names of Dr. Dhiman Basu and Nurse Lane, but only Nurse Lane signed the letter. Pl.'s Ex. [ECF No. 20 at 2]. Nurse Lane, "not being an acceptable medical source, cannot render a medical opinion relevant to a Social Security disability appeal." *Matthews*, 2016 WL 8710706, at *4 (citing *Porter v. Barnhart*, 200 F. App'x 317, 319 (5th Cir. 2006); 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)); *cf. Porter*, 200 F. App'x at 319 ("[T]he ALJ was not required to rely on the chiropractor's evaluation in making the RFC finding because a chiropractor is not an acceptable medical source.").

Plaintiff also asks that the Court consider Dr. Richmond's opinion stating that Plaintiff is disabled. However, "[o]pinions on issues reserved to the Commissioner, like the ultimate issue of disability, are not medical opinions . . . ." *Orange v. Colvin*, 2016 WL 4034798, at *4 (M.D. La. June 14, 2016) (citing 20 CFR § 404.1527(d); *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995)). "A statement made by a treating physician that a claimant is disabled does not mean that the claimant is disabled for purposes of the Social Security Act . . . ." *Barajas v. Heckler*, 738 F.2d 641, 645 (5th Cir. 1984). Therefore, a "statement by a medical source that a claimant is 'disabled' or 'unable to work' does not require

8

the Commissioner to find that claimant disabled." *Orange*, 2016 WL 4034798, at *4 (citing *Barajas*, 738 F.2d at 645).

The Court's task is to scrutinize the record as a whole to determine whether substantial evidence supports the ALJ's decision, and the "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany*, 2014 WL 1255316, at *9; *Greenspan*, 38 F.3d at 236. Furthermore, "[p]rocedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision,'" and "[r]emand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris*, 864 F.2d at 335; citing *January*, 400 F. App'x at 933). The Court concludes that any alleged procedural errors do not cast into doubt the existence of substantial evidence to support the ALJ's decision. There is not a realistic possibility that the ALJ would have reached a different conclusion, and substantial evidence supports the ALJ's decision.

CONCLUSION

For the foregoing reasons, the final decision of the Commissioner is AFFIRMED.

SO ORDERED.

March 27, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE